# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-30578
Conference Calendar

DARRIN L BROOKS

Plaintiff-Appellant

v.

JOSEPH L LAMARTINIERE; JURN R CONRAD; KENNETH DUPIS; WILLIAMS T RICHARDSON

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:07-CV-412

Before JONES, Chief Judge, and JOLLY and ELROD, Circuit Judges.

PER CURIAM:[*]

Darrin L. Brooks, Louisiana prisoner # 418413, has moved for leave to proceed in forma pauperis (IFP) on appeal from the summary judgment dismissal of his 42 U.S.C. § 1983 complaint. The district court denied Brooks IFP status on appeal and certified that the appeal was not taken in good faith under 28 U.S.C. § 1915(a)(3).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

By moving for leave to proceed IFP, Brooks is challenging the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Although Brooks generally argues that the district court erred in granting summary judgment, he fails to address the district court's determination that all of his claims, save his claims relating to the allegedly false disciplinary proceedings, were unexhausted. Nor does he address the district court's determination that the defendants were entitled to qualified immunity with regard to the exhausted claims. Because Brooks does not address the basis of the district court's dismissal, it is the same as if he had not appealed the judgment. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Brooks has not demonstrated that he will raise a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, Brooks's motion to proceed IFP is denied. *See Baugh*, 117 F.3d at 202 n.24. Because his appeal is frivolous, *see Howard*, 707 F.2d at 219-20, his appeal is DISMISSED. *See* 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Brooks is warned that, if he accumulates three strikes pursuant to § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.